IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTIE ADEMILUYI,

    *Plaintiff, on behalf of herself and others similarly situated,*

    v.

PENNYMAC MORTGAGE
INVESTMENT TRUST HOLDINGS
I, LLC, *et al.*,

    *Defendants.*

Civil Action No. ELH-12-0752

## MEMORANDUM

Nearly three years ago, in March 2012, plaintiff Christie Ademiluyi filed a putative class action in this Court against defendants PennyMac Mortgage Investment Trust Holdings I, LLC ("PennyMac"); PennyMac Mortgage Investment Trust; and N.K.A. PennyMac Holdings, LLC. *See* ECF 1 (filed Mar. 10, 2012). In her Complaint, plaintiff alleged that defendants' unlicensed debt collection activity violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), including 15 U.S.C. §§ 1692e & 1692f; that defendants' unlicensed debt collection activity constituted mortgage fraud, in violation of the Maryland Mortgage Fraud Protection Act ("MMFPA"), Md. Code (2010 Repl. Vol, 2012 Supp.), § 7-401 *et seq.* of the Real Property Article ("R.P."); and that defendants had been unjustly enriched by their unlawful debt collection activity. *Id.* Defendants filed a Motion to Dismiss all claims. ECF 10 (Motion).

In March 2013, after extensive briefing by the parties, I granted in part and denied in part defendants' Motion to Dismiss. ECF 26 (Memorandum); ECF 27 (Order). In particular, I dismissed all of plaintiff's claims except for the FDCPA claim. *Id.*

Five motions are currently pending: plaintiff's Motion to Certify the Class (ECF 61, "Class Motion"); plaintiff's Motion for Summary Judgment (ECF 62); defendants' Motion for Summary Judgment (ECF 69); plaintiff's "Motion to Substitute the Named Party and Other Relief" (ECF 90); and plaintiff's "Motion to Amend Motion to Substitute the Named Plaintiff and Other Relief (DOC#90)" (ECF 92).

This Memorandum addresses all but the motions for summary judgment. As discussed, *infra*, the motions have been fully briefed, and no hearing is necessary to resolve them. *See* Local Rule 105.6. For the reasons that follow, I will grant the Motion to Amend (ECF 92), insofar as it "amends," and renders moot, the Motion to Substitute (ECF 90), but I will deny the relief requested in ECF 92. I will also deny the Motion to Certify the Class (ECF 61).

## Factual Background

The facts relevant to the motions at issue are entirely procedural. As stated, plaintiff filed suit in March 2012. ECF 1. In March 2014, at the close of discovery, plaintiff filed a Motion to Amend her Complaint. ECF 49 (Motion). The Court granted the motion. ECF 52 (Order). Plaintiff filed her Amended Complaint on March 26, 2014, ECF 53, and defendants answered soon after. ECF 57. On May 15, 2014, plaintiff filed her Class Motion (ECF 61), and a Motion for Summary Judgment (ECF 62). On June 11, 2014, defendants filed a Cross-Motion for Summary Judgment. ECF 69. Defendants opposed the Class Motion, ECF 68, and both sides filed responses in opposition to the opposing motion for summary judgment. *See* ECF 72 (plaintiff's response); ECF 74 (defendants' response).

On October 2, 2014, April Ademiluyi, Esq., the daughter of plaintiff, appeared on behalf of plaintiff, *see* ECF 83 (Notice of Appearance), and the attorneys who had been representing

plaintiff since initiation of the lawsuit moved to withdraw as plaintiff's counsel.  *See* ECF 84 (Motion to Withdraw).  I granted the Motion to Withdraw on October 6, 2014.  ECF 85 (Order).

On October 15, 2014, plaintiff filed a "Motion to Appoint Class Counsel and Other Relief" (ECF 88, "Motion to Appoint"), along with a memorandum of law (ECF 88-1).  In particular, plaintiff asked the Court to appoint an attorney to represent the putative class, and provided the names and contact information of two attorneys "who may accept appointment of this case."  ECF 88-1 at 3.  Plaintiff explained her request as follows, *id*. at 1 (citations omitted) (emphasis added):

> Due to irreconcilable differences occurring a couple weeks ago, Plaintiff had to discharge counsel representing her and others similarly situated in the instant case.  On October 2, 2014 Plaintiff's daughter … entered an appearance on her behalf.  … *Unlike the previous counsel, Plaintiff's current counsel does not have the necessary experience in handling class action cases*.  The Motion to Certify Class, which addresses counsel to represent the class, must be amended prior to this Court's consideration.

Plaintiff further argued, *id*. at 2-3 (emphasis added):

> While Plaintiff's current counsel [*i.e.*, April Ademiluyi] would be honored at the opportunity to litigate a class action suit, *this Court will likely find that* the due [sic] to relationship between the name [sic] Plaintiff and counsel or the lack of experience in class action cases, *Plaintiff's counsel cannot adequately represent the class*.  Rule 23g(1)(a) (ii) [sic] ("in [sic] appointing class counsel, the court must consider…counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action.").  *At this juncture, the Court will find that the class is unrepresented*.

In an Order of October 20, 2014 (ECF 89), I denied plaintiff's Motion to Appoint Class Counsel, for the reasons stated.  But, I granted plaintiff thirty days from the docketing of the Order to secure her own class counsel, and held the pending Class Motion and cross-motions for summary judgment in abeyance for the same thirty-day period.  *Id*.

At the end of the thirty-day period, on November 20, 2014, plaintiff filed a "Motion to Substitute the Named Party and Other Relief" (ECF 90, "Motion to Substitute"), along with a supporting memorandum (ECF 90-1) and affidavits of Christie Ademiluyi (ECF 90-2) and Jennifer Ferguson (ECF 90-3).  Plaintiff asked the Court to grant the following relief, ECF 90 at 1:

> 1) pursuant to Rule 21 or in the alternative Rule 15, substitute the named Plaintiff with Jennifer and Shirrita Ferguson and allow them additional time to amend the pleadings; 2) if this Court allows substitution of the named plaintiff, issue a new scheduling order; and 3) pursuant to rule 41a(2), dismiss Ms. Ademiluyi's claim without prejudice.

In the supporting memorandum, plaintiff argued, *inter alia*, that "Ms. [April] Ademiluyi requested this Court appoint counsel to represent the class because of her familial relationship with the named the Plaintiff [sic] may create difficulties with certifying the class."  ECF 90-1 at 2.  Plaintiff added that, "[s]hould this Court grant the motion to substitute the named plaintiff, it moots the possible necessity for additional counsel to enter an appearance," because "Plaintiff's counsel has no relationship with the potential named plaintiff and counsel's lack of experience in handling class action cases does not disqualify her to be appointed class counsel."  *Id.* at 10.

Plaintiff indicated that granting her the relief requested in ECF 90 would be tantamount to re-starting the suit from scratch.  She stated, *inter alia*, ECF 90-1 at 4, 9, 12 (emphasis added):

> The Fergusons anticipate bringing individual claims of additional violations of the fair debt collections practices act; mortgage fraud; gross negligence; invasion of privacy; and intentional infliction of emotional distress.
>
> \*\*\*
>
> A further investigation into [defendants'] debt collection practices to prove the Fergusons [sic] individual claims and the class claims requires reopening discovery, which would not create any prejudice to the defendant. [sic]

… [I]f this case must be refiled, the defendants will still have to endure discovery with the newly filed class action suit.

***

For the reasons argued above, the Plaintiff request [sic] the scheduling order *start fresh as if this case were a newly filed action*. The facts of the Fergusons [sic] case raise many issues that must be investigated for all members of the class.

Defendants opposed the Motion to Substitute. *See* ECF 91. They also filed a supporting memorandum (ECF 91-1, Memo) and several exhibits.

On December 22, 2014, plaintiff filed a "Motion to Amend Motion to Substitute the Named Plaintiff and Other Relief (DOC#90)" (ECF 92, "Motion to Amend"), along with a supporting memorandum of law, ECF 92-1. She stated, ECF 92:

Plaintiff now seeks this Court grant her the following relief: 1) instead of substituting the Fergusons as the named plaintiffs, add them as plaintiffs; 2) appoint counsel of record as interim class counsel; 3) rule on the pending motion[s] to certify class and summary judgment; 4) excuse the 30 day delay in filing amendments to pleadings; 5) reopen discovery for the amended portions of the complaint; and 6) any other relief this Court deems appropriate.

Defendants opposed the Motion to Amend (ECF 93-1, "Opposition"), and plaintiff replied (ECF 94, "Reply").

Additional facts are included in the Discussion.

## Discussion

### A. Motion to Amend

As stated, plaintiff seeks a wide variety of "relief" in her Motion to Amend. *See* ECF 92. As a preliminary matter, it appears from the title of plaintiff's motion (ECF 92) that she would like the Court to construe ECF 92 as an amendment to her Motion to Substitute (ECF 90). Plaintiff does not otherwise explain the relationship between ECF 92 and ECF 90. I will

interpret ECF 92 as "amending" ECF 90 with respect to the relief requested. *Compare* ECF 90 at 1 (requesting substitution of Fergusons as plaintiffs, modification of scheduling order, and dismissal of plaintiff's claims) *with* ECF 92 at 1 (requesting addition of Fergusons as plaintiffs, modification of scheduling order, and appointment of interim class counsel). And, because plaintiff has not withdrawn ECF 90, with respect to the relief requested in ECF 92, I will consider the arguments made in both ECF 90 and ECF 92, to the extent that they do not conflict.

In their Opposition, defendants summarize the issues to be decided, ECF 93-1 at 1 n.1:

> Plaintiff's newest Motion seeks to amend her prior Motion for Substitution to seek the following relief: (1) the addition of two new proposed plaintiffs and five individual claims, (2) a new scheduling order extending the already expired joinder deadline, discovery deadline, class certification deadline and dispositive motion deadline and (3) appointment of April Ademiluyi as interim class counsel.

I will consider the first and second requests together, and then consider the third request.

### 1. Motion to Modify Scheduling Order and Amend Pleading

In effect, plaintiff has changed her mind and now wishes to remain as a named plaintiff and as representative of the putative class, while also adding two additional named plaintiffs with discrete claims. Therefore, defendants urge the Court to consider plaintiff's request to add two additional plaintiffs under Fed. R. Civ. P. 24, which governs motions to intervene. ECF 93-1 at 2. Citing *Bridges v. Dep't of Md. State Police*, 441 F.3d 197, 208-09 (4th Cir. 2006), defendants argue: "Where, as is true here, a nonparty wishes to be made a party in the pending action, the proper mechanism is a motion to intervene." *Id*. at 5. However, in *Bridges* the movants were the non-parties themselves, rather than someone already a party to the case, as here.

The Fourth Circuit has made clear that a plaintiff may add parties by amending her complaint. *See*, *e.g.*, *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010) (citation omitted) ("[Defendant] contends that parties do not have an absolute right to amend their pleadings [as a matter of course] when the amendment seeks to add a party.  According to [defendant], such an amendment should be governed not by Rule 15, but by Rule 21, which addresses the joinder and misjoinder of parties. While some courts have concluded that Rule 15(a) does not apply to amendments seeking to add parties, most courts, including this one, have concluded otherwise").

And, it is equally clear that, "after the deadlines provided by a scheduling order have passed, the good cause standard" applicable to modifications of scheduling orders under Fed. R. Civ. P. 16 "must be satisfied to justify leave to amend the pleadings."  *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008);  *see also Cook v. Howard*, 484 F. App'x 805, 814-15 (4th Cir. 2012) ("[Rule 15(a)(2)] applies … prior to the entry of a scheduling order, at which point, under Rule 16(b)(4), a party must first demonstrate "good cause" to modify the scheduling order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment.").

In *Nourison*, 535 F.3d at 298 (citations omitted), the Court reasoned:

> There is tension within the Federal Rules of Civil Procedure between Rule 15(a) and Rule 16(b) amply illustrated by this appeal.  Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile.  On the other hand, Rule 16(b) provides that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge."

> \*\*\*

> Given their heavy case loads, district courts require the effective case management tools provided by Rule 16.

In this case, the deadline "for joinder of additional parties and amendment of pleadings" passed on September 6, 2013, more than a year before plaintiff filed the Motion to Substitute and about 15 months before the filing of the Motion to Amend.  *See* ECF 40 (Revised Scheduling Order).  Moreover, the motions were filed about two and a half years after the case was initiated. *See* ECF 1.  Accordingly, plaintiff's belated request to amend her Amended Complaint to include new parties and new claims must first be assessed under Fed. R. Civ. P. 16.  *Nourison*, 535 F.3d at 298.

Under Rule 16, "[g]ood cause requires the party seeking relief to show that the deadlines cannot reasonably be met despite the party's diligence, and whatever other factors are also considered, the good-cause standard will not be satisfied if the district court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule."  *Cook*, 484 F. App'x at 815 (quotations and alterations omitted).  In making that determination, courts may consider "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party."  *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014) (citing *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768-69 (D. Md. 2010)).  But, in any case, if the moving "'party was not diligent, the inquiry should end.'"  *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) (quoting *Marcum v. Zimmer*, 163 F.R .D. 250, 254 (S.D. W. Va. 1995)); *accord*, *e.g.*, *CBX Technologies, Inc. v. GCC Technologies, LLC*, JKB-10-2112, 2012 WL 3038639, at *4 (D. Md. July 24, 2012) (denying motion to amend complaint where plaintiff could not show good cause to modify scheduling order because "its failure to anticipate" its needs was "of its own doing and not the fault of any other entity"), *aff'd*, 533 F. App'x 182 (4th Cir. 2013).

Here, plaintiff has not shown good cause sufficient to warrant modification of the scheduling order. Again, the applicable deadline passed in September 2013, more than a year before the motions were filed. *See* ECF 40. And, plaintiff has provided no explanation whatsoever as to why the amendments she seeks could not have been made within the scheduling deadline. *See generally* ECF 92-1; ECF 90-1.

Plaintiff does offer various reasons why she did not *choose* to amend the pleadings earlier. In her Motion to Substitute, plaintiff argued, *inter alia*, that the Fergusons should be added as parties so that the current plaintiff could voluntarily dismiss her claims without also terminating the putative class action suit. ECF 90-1 at 7-9. Even if that could possibly serve to show good cause, in her Motion to Amend plaintiff indicated that she will *not* voluntarily dismiss her claims, but would nonetheless like to join the Fergusons and include their distinct, individual claims because she believes this will cure a potential conflict of interest that would arise if plaintiff's daughter serves as class counsel. ECF 92-1 at 9.

The initial Scheduling Order of August 14, 2013 (ECF 38) was revised on August 28, 2014 (ECF 40). It set a deadline for joinder of parties of September 6, 2013, and a discovery deadline of January 10, 2014. The Scheduling Order was modified in November 2013, upon request of the parties. *See* ECF 43; ECF 44 (Order). In ECF 43, filed November 19, 2013, the parties agreed to extend the discovery deadline to April 4, 2014. And, in an Order of April 10, 2014 (ECF 58), the Court scheduled trial to begin on April 20, 2015.

Given the age and the posture of this case, plaintiff's request is wholly unreasonable. She seeks to add two parties and to enlarge the scope of claims, premised on new facts, and to engage in additional discovery, with the attending expense and inherent delay in resolution of a case

initiated in March 2012, and with complete disregard to the fact that litigation takes a toll on the party who has been sued, financial and otherwise.

As defendants put it, plaintiff seeks "to start from scratch," as if this were a newly filed case. ECF 91-1 at 2. To begin anew, as plaintiff seeks to do, would obviously prejudice the defendants. *See, e.g., Elat v. Ngoubene*, 993 F. Supp. 2d at 520 (citation and quotations omitted) ("[T]he prejudice to Defendants is not insignificant. Discovery is complete, and Defendants have filed the pending summary judgment motion, as well as a reply and a motion in limine that is pertinent to the evidence considered on summary judgment. … The expenses of discovery and preparation of a motion for summary judgment may constitute prejudice sufficient to support denial of a voluntary dismissal."); *Wonasue v. Univ. of Md. Alumni Ass'n*, 295 F.R.D. 104, 109 (D. Md. 2013) (citations omitted) ("[I]f the Court granted Plaintiff's Amended Motion, Plaintiff's delay in amending the Complaint would prejudice the existing Defendants by postponing the disposition of the lawsuit. Because Plaintiff has not acted in good faith in delaying almost eight months in moving to amend, such that discovery has closed and the dispositive motions deadline has to be extended, and because the delay will prejudice the Defendants, Plaintiff has not shown good cause for amending her Complaint at this late juncture.").

Even if plaintiff could possibly demonstrate good cause, plaintiff's daughter would not adequately represent the putative class. Hence, there is no need to cure any potential conflict-of-interest (even assuming joinder of the Fergusons could cure such a conflict).

In sum, with regard to plaintiff's requests that the Court "add the Fergusons as plaintiffs" at this late date, and "reopen discovery for the amended portions of the complaint," *see* ECF 92,

plaintiff's requests are denied.   Plaintiff has not shown good cause to delay this case by modifying the scheduling order that governs.

## 2. Motion to Appoint Interim Class Counsel

In her Motion to Amend, plaintiff also asks the Court to appoint her daughter as interim class counsel for the putative class.   *See* ECF 92-1 at 7-13.   Plaintiff relies on Fed. R. Civ. P. 23(g) as setting forth the applicable standards.   *Id*. at 7

As the Court explained to plaintiff in response to her previous request for appointment of interim class counsel, *see* ECF 89, appointment of counsel before certification of the class is ordinarily unnecessary.   The relief available under Rule 23(g) is generally invoked where there is some sort of competition or rivalry between lawyers that may result in confusion or duplication of efforts before the class is certified.   *See*, *e.g.*, MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.11 (2004).

Currently, April Ademiluyi is the only counsel of record for plaintiff and the putative class, and there appear to be no rivals on the horizon for this position.   Indeed, plaintiff states in her Motion to Amend that "[t]here was a diligent search for counsel but because of the late stage of this case, there was no interest."   ECF 92-1 at 13.   Accordingly, there is no reason to appoint interim class counsel at this stage.   Plaintiff's request is therefore denied.

Plaintiff's request may also be construed as a request that the Court consider April Ademiluyi as class counsel for purpose of the arguments currently included in the Class Motion, which relate to the lawyer who filed it, *i.e.*, plaintiff's prior counsel.   *See* ECF 61-1 (plaintiff's memorandum in support of Class Motion).   I cannot do so.

As defendants correctly point out in their Opposition to the Motion to Amend, "[a]dequacy of class counsel is an inextricable requirement for class certification, *see* Fed. R. Civ. P. 23(a)(4) … ." ECF 93-1 at 10; *see also Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997) ("The adequacy heading [under Rule 23(a)(4)] also factors in competency and conflicts of class counsel.") (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 158 n.13 (1982)); *accord*, *e.g.*, *Robinson v. Fountainhead Title Grp. Corp.*, 252 F.R.D. 275, 288 (D. Md. 2008); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("Ability to protect the interests of the class depends in part on the quality of counsel … .").

In my view, April Ademiluyi would not adequately represent the interests of the putative class. First and foremost, less than four months ago, plaintiff herself argued that she "does not have the necessary experience in handling class action cases," ECF 88-1 at 1, and indicated her belief that "this Court [would] likely find that the due [sic] to relationship between the name [sic] Plaintiff and counsel or the lack of experience in class action cases, Plaintiff's counsel cannot adequately represent the class." *Id.* at 2-3.

In her Motion to Amend, plaintiff now argues, *inter alia*, that counsel's lack of experience can be overcome by a demonstrated ability shown through the quality of counsel's work in the instant case. *See* ECF 92-1 at 8. Although that may be true, generally speaking, I am not persuaded that counsel could adequately represent the putative class at this time. For example, as can be seen in the discussion above, the pending motions submitted by counsel present a mishmash of requests without properly identifying the governing procedural standards, and without making any relevant supporting arguments under those governing standards.

Moreover, counsel is a "solo practitioner."  ECF 92-1 at 11.  The Court has no information about what resources counsel may call upon, financial or otherwise, to aid and support plaintiff's continued prosecution of this case.  Counsel herself recognizes that resources may be an issue, but summarily concludes that a putative class of 180 members, as alleged here, "is not so numerous that a solo practitioner cannot handle" it.  *Id.*

And, as plaintiff concedes in her Motion to Substitute, there is an apparent conflict of interest between counsel and putative class members because of counsel's familial relationship to plaintiff.  ECF 90-1 at 2, 10; ECF 92-1 at 12-13.

In sum, I find that counsel would not adequately represent the interests of the putative class.  *See*, *e.g.*, *Carson v. Giant Food, Inc.*, 187 F. Supp. 2d 462, 470 n.6, 471 (D. Md. 2002) (holding class of 800 persons did not meet adequacy-of-representation element where counsel's "frequent typographical errors, citation errors and clear misstatements of the law in memoranda and during oral argument prove that the interests of the putative class members will not be adequately served by her representation"), *aff'd sub nom. Skipper v. Giant Food Inc.*, 68 F. App'x 393 (4th Cir. 2003) ("We also find no error in the district court's conclusion that adequacy of class representation was lacking in this case.  *See* Fed. R. Civ.P. 23(a)(4). The district court noted that class counsel had made significant errors in this action, both of substance and form. The court further questioned counsel's financial ability to represent a class of this size.").

**B. Class Motion**

As just discussed, adequacy of class counsel to represent the class is an integral consideration under Fed. R. Civ. P. 23, in determining whether to certify a class.  And, as stated,

the current Class Motion contains arguments on this point as to plaintiff's prior counsel, who has since withdrawn.  *See* ECF 85 (Order granting Motion to Withdraw).  Accordingly, the arguments for class certification as presented in the Class Motion are missing a key element, and cannot support certification.  Therefore, the Class Motion (ECF 61) is denied.

**Conclusion**

For the foregoing reasons, I will GRANT ECF 92 insofar as it amends ECF 90, but I will DENY the relief requested in ECF 92.  I will also DENY plaintiff's Motion to Substitute (ECF 90), as moot.  And, I will DENY the Class Motion (ECF 61).

A separate Order follows, consistent with this Memorandum.


Date: February 10, 2015                    _____/s/_____
                                                                    Ellen Lipton Hollander
                                                                    United States District Judge